OPINION
DESMOND, Justice:
This is an appeal of a bench trial of a construction contract dispute. At trial, Plaintiffs/Appellees Agnes and Donald Ar-nett, d/b/a Golden West Builders (“Ar-netts”), prevailed in their suit to recover final construction costs of the home they built for Defendants/Appellants Howard and Meredith Dolson. (“Dolsons”). We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
This appeal generally involves the question of the extent to which applicable Confederated Salish and Kootenai law requires the Tribal Court of Appeals to defer to the decisions of the Tribal Trial court. As will be explained below, applicable law requires this court to afford a great deal of deference—but not unlimited deference—to the trial court.
The underlying facts of the dispute involve a home the Arnetts built for the Dolsons beginning in July 1993. After some negotiations during the fall of 1992, the parties had entered into an unwritten contract on June 25, 1993. The contract provided for the Arnetts to build for the Dolsons a 1512 square foot “Super Good Cents” home within 90 days. Although the exact total amount of the contract was in dispute, the trial court found the contract cost was 562,980.
The Dolsons moved into the home at Thanksgiving. When they moved in, according to the Arnetts, money remained due under the contract, but, apparently because of changes made as the project moved forward, the Dolsons had used all of their construction loan. Therefore, according to the Arnetts, the parties agreed that when the Dolsons received their “Super Good Cents” check they would give funds from the check proceeds to Arnetts. When the check came, in mid-December 1993, the Dolsons did not give the check to the Arnetts, but rather, after ten days, deposited it in their bank account. The factual circumstances of why the check was deposited are in dispute, but what is not in dispute is that ultimately the Dol-sons did not pay the Arnetts any additional money.
Even though the Dolsons moved into the house in late November, they testified at trial that they complained to the Arnetts about a number of problems including the following: the siding was not level, the bathtub was not framed properly, the roof had a bubble, the toilet leaked, the interior painting was not properly completed, the attic access doors were incomplete, the floor was not completely insulated and the exterior trim and front door were not painted.
The Dolsons (or their experts) also testified that after they had lived in the home for a time, beginning in late December and into January, they noticed the following additional problems: defective or sub *102 standard lumber used for corner trim detailing and roof sheathing, exterior siding not caulked after reinstallation, improper installation of exterior electrical boxes, a stress crack in the kitchen window caused by the foundation settling or improper framing. The Dolsons also provided expert testimony to the effect that the Ar-netts did not follow standard building practice in framing the main support for the first floor.
The Arnetts testified that the Dolsons did not tell them about most of their complaints until several months after they moved into the home. The Arnetts also testified that when complaints were made to them, for example concerning the siding, they made the necessary repairs. The Arnetts’ expert testified that the home was properly completed. Further, the Arnetts pointed out that the “Super Good Cents” inspection apparently deemed the home completed and adequate because following the inspection, the check was issued.
The Arnetts eventually sued the Dolsons for the funds they contend remained unpaid. The Dolsons counterclaimed for the cost of repairs they contend were needed to bring the home into satisfactory condition. Judge Acevedo held a trial on October 6, 1994 and he entered his Findings of Fact Conclusions of Law and Order on September 9, 1996. He ruled in favor of the Arnetts, awarding them $4594 in damages, and denied the Dolsons’ counterclaim.
On appeal, the Dolsons contend the trial court erred, in a manner which we describe as follows:
1. The trial court erred, as a matter of law, in ruling that the Arnetts performed the contract as agreed and were entitled to final payment.
2. The trial court erred in calculating the damage award.
8. The trial Court erred, as a matter of law, in ruling that Appellants’ counterclaim was without merit.
The Arnetts respond that the record includes adequate evidence for the Court to conclude they performed their obligations under the contract and that the counterclaim was meritless. The Arnetts also argue that the Dolsons have failed to show that any of the trial court’s findings of fact were “clearly erroneous.”
I. Standard of Review
The applicable standard of review is not in dispute. When issues are not specifically addressed by tribal or federal law, the tribal code authorizes application of law from other jurisdictions, including Montana law. See, Ordinance 36B, CS & K Tribal Law and Order Code, Ch.II, § 3.
The Court of Appeals has used this choice of law section to adopt applicable standards of review of questions of law and fact, most recently in Bick v. Pierce, CS & K Tribal Court of Appeals, Cause No. AP-CV-134, May 20, 1996. The Bick Court held that the trial court’s conclusions of law will be reviewed to determine whether the trial court’s interpretation of the law is correct. See, also, Northwest Collections v. Pichette, Cause No. CV-077-93, February 3, 1995, slip op. At 2 (“Thus we employ the fullest scope of review to determine whether the trial court correctly applied the law.”) Also in Bick, relying largely on the Montana Supreme Court cases cited by the parties here, the Court held that a trial court’s findings of fact will not be disturbed unless they are “clearly erroneous.” Thus, although a trial court’s findings of fact are not completely insulated from review, the standard of review applicable to the trial court’s factual determinations does not permit this court to substitute its judgment for that of the trial court.
*103 Rather, according to the Bick Court, “the judgment of the trial court is presumed to be correct, and all legitimate inferences will be drawn to support this presumption.” Bick at 7. The Court in Bick, described “clearly erroneous” as meaning that when a review of the entire record leaves the court with the. definite conviction that a mistake has been committed, even though there is evidence on the record to support the finding. Bick at 7. The Court further stated that “Merely showing reasonable grounds for a different conclusion is not sufficient to reverse the trial court’s findings.”
II. The Contract Issue
The Dolsons contend that the trial court’s ruling on the contract in favor of the Arnetts was incorrect. The Dolsons argue both that the trial court’s factual findings were not supported by sufficient evidence and that the Arnetts did not carry the burden of proof on the contract. This question presents issues of both law and fact.
Specifically, the Dolsons first dispute the trial court’s findings that the Arnetts completed construction of the home. Next the Dolsons assert that the trial court erred by failing to rule that the Arnetts’ breach of material terms of the contract relieved the Dolsons of their duty to perform under the contract. Finally, the Dolsons argue that the trial court erred by finding that the Dolsons did not notify the Arnetts of their complaints or give the Arnetts the opportunity to correct the alleged defects in construction
The trial record does contain evidence in suppoi't of the Dolsons’ position that the home was not properly completed. However, it also contains sufficient evidence that the home was properly completed to counter a ruling that the trial court’s decision on this point was clearly erroneous.
The trial court’s factual findings that form the basis of its ruling in favor of Appellees on the contract issue are not “clearly erroneous.” It was the trial court who saw and heard directly the testimony of the witnesses. Thus that court is in the best position to evaluate the credibility of the witnesses and the meaning of their testimony.
As for the expert testimony in support of the Dolsons, a finder of fact is not obligated to adopt the testimony of an expert, Bartell v. Kerr, (CS & K Court of Appeals, AP-94-104-CV, July 29, 1996, slip op., p. 6) particularly when, as here, experts for the opposing parties disagreed. While Appellants argue that the trial court’s factual rulings were clearly erroneous, this Court cannot agree.
Concerning the issue of performance of the contract, the Dolsons disagree with the trial court’s determination that the Arnetts completed the home in an acceptable manner and in accordance with the contract. We find no error of law in the court’s conclusion.
Although this Court upholds the trial court on the contract issue, the Court notes that the trial court’s ruling is rather brief, perhaps overly so. When the trial court issues a ruling following a factually complex trial, it is preferable for the court to explain the basis of its reasoning in some detail. This provides a more satisfactory result, even for a party who does not prevail. It also provides a more precise determination for review. We recognize that the trial court has a heavy caseload. Yet the parties here would have been better served by a more detailed decision.
III. The Damages Award
The trial court did not indicate in its Order the calculation it used to arrive at *104 the award.of $4954. This was the exact amount requested in the Complaint. The absence of any other basis for the trial court’s determination made reviewing the reasonableness of the award difficult. This is especially true in light of the conflicting testimony both on the contract amount and the amount due under the contract, (assuming as we must in light of our earlier determination, that the contract was properly performed).
The record supports a finding that the original contract amount was $62,980, (Plaintiffs’ Exhibit B—payment schedule), which, together with the testimony of Appellant Howard Dolson concerning changes and underpayments, apparently indicates an amount due of approximately $5990. However, Appellant Howard Dol-son testified at trial that the Dolsons had overpaid by $2200.
As indicated above, this Court must give deference to the trial court’s findings of fact. Yet, a judgment for damages must be supported by substantial evidence. We cannot determine the reasonableness of the award if its basis is not clearly set forth in the judgment. At oral argument, Appellees’ counsel eame close to conceding that a reasonable basis for the amount awarded did not exist when he asked this Court to affirm the amount awarded based on equitable principles.
It should be mentioned that one challenge faced by the trial court was to determine the case in the absence of a written contract. Had the parties had a clear written guide for completion and for calculation of total price and for dispute resolution, this may not have happened.
We reverse the trial court’s damage award and remand for additional findings setting forth the basis of the court’s calculation.
IV. The Counterclaim
The trial court set forth no specific basis for its ruling on the counterclaim. On the surface, its ruling on the counterclaim appears to be consistent with its ruling on the contract. Yet, in the portion of the decision pertaining to the contract, the Court includes a finding, (which we will treat as a legal conclusion), that “A contractor has one year to fix home defects after the house is completed.” (Finding of Fact No. 14). This does not seem entirely consistent with the Court’s ruling denying the counterclaim. Thus, in the absence of any specific reasons for the Court’s determination, it is again difficult for this Court to review the decision.
Therefore, on this issue also, the decision of the Court is reversed and remanded and the trial court is directed to set forth more specifically the basis for its determinations.
V. Conclusion
Based on the above, the decision of the trial court is affirmed on the issue of performance of the contract and reversed on the issues of the damage award and the counterclaim. This Court remands the matter to the trial court and directs the trial Court to clarify its Findings of Fact, Conclusions of Law and Order, within thirty days of this Order to set forth the specific basis for the calculation of the sum awarded to Appellees.
SO ORDERED.