OPINION
BRENDA C. DESMOND, Chief Justice.
This is the second appeal in this proceeding, two related employee grievances. In the first appeal, Appellant Cathy Du-puis challenged two Tribal Court decisions upholding administrative action against her by the Tribal Personnel Department, The underlying facts and procedure in the first appeal are set forth in the Court of Appeals Opinion and Order of January 8, 2001, In the first appeal, we remanded the matter to the Tribal Trial Court for further proceedings in accordance with our decision. Based on our decision, the Tribal Trial Court again ruled against Appellant but issued a lengthy Memorandum of Decisions on February 12, 2001, evidencing its detailed review pursuant to Tribal Ordinance 69B, Personnel Rules, Regulations and Procedures Manual, Chapter XIV, Section 8, (the law applicable when Appellant filed her employee grievances.) Appellant then appealed the decision of February 12, 2001. The matter has been submitted on briefs. We affirm the deei *87 sion of the Tribal Trial Court in accordance with the following.
STANDARD OF REVIEW
The Tribal Trial Court’s standard of review of an administrative decision in an appeal of a judicial review case is whether or not the administrative decision was “arbitrary and capricious”. Tribal Ordinance 69B, Personnel Rules, Regulations and Procedures Manual, Chapter XIV, Section 8. Our review of the Tribal Trial Court’s decision is under a limited standard. In other words, the law does not permit us to substitute our judgment for that of the Tribal Trial Court. The limited review we conduct is whether or not the Tribal Trial Court’s conclusions of law are correct and whether its factual findings are “clearly erroneous”. See, Arnett v. Dolson, 1 Am. Tribal Law 100, 1998 WL 35270853 (1998).
DECISION
Appellant argues strenuously, in this appeal, as she did in the first appeal, that the Tribal Personnel Department’s handling of her grievance was not in accordance with governing law. Following our remand, the Tribal Trial Court, as noted above, issued a much more detailed decision, addressing each section of the grievance policy and concluding that the Tribal Personnel Department did comply with the ordinance. Appellant continues to disagree, as is her right. We respect her right to disagree. But based on our review of the Tribal Court decision, we conclude that it should be affirmed.
In its decision, the Tribal Trial Court summarizes the governing ordinance, analyzes each step of the grievance policy and, for each of the two grievance cases, applies that step to the facts in the record. The Court makes a separate finding for each step in both cases. The Court found that the process was timely and consistent with the ordinance. The Court further found that when the ordinance does not provide detailed guidance, i.e., concerning the inquiry oi' hearing, the committee, “proceeded reasonably and fairly in its handling of Ms. Dupuis’ grievance.” The Court then concludes that the committee’s decision was not arbitrary and capricious in either case.
Therefore, the decision of the Tribal Trial Court is affirmed.
With the concurrence of Justice DUPUIS.